IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.:

Heparin Products Liability Litigation    MDL No. 1953

*******************************

Mustapha Nya, et al., etc.,

        Plaintiff(s)    Case No. 3:14HC60000

    v.    **ORDER**

Baxter Int'l, Inc., et al.,

        Defendant(s)

This suit, which the Judicial Panel on Multi-District Litigation has referred to the undersigned, arises from the alleged administration of contaminated heparin to plaintiff's decedent.

Pending is defendants' motion for summary judgment. (Doc. 21,26). For the reasons that follow, I grant the motion.

Prior to her death, Katherine Nya, alleging she had received contaminated heparin, sued the defendants in the Illinois state courts. On being confronted with a motion for summary judgment, plaintiffs took a voluntary nonsuit. Thereafter, relying on the Arizona saving statute, the plaintiffs filed suit in Arizona. They did not, however, obtain leave of court before doing so; they thereby failed to comply with procedural requirements under that state's law for invoking the savings statute. *E.g., Bertrand v. Indus. Dev. Auth. of City of Chandler*, 1990 WL 264525, *3 (D. Ariz.).

Defendants are entitled to summary judgment on that basis alone.

In any event, the record is clear that plaintiffs have no proof that Katherine Nya either received contaminated heparin (though she did, on occasion receive bolus doses of heparin) or experienced any of the reactions a plaintiff's medical records must show she experienced within sixty minutes of receiving heparin.

Instead of presenting a factual basis in the medical records to support either, much less both of these preconditions to liability, plaintiffs rely entirely on their own subjective and conclusory belief and assertions that they are entitled to recover.

That is not enough. A plaintiff needs facts in the medical record to proceed with a suit seeking to recover due to ill effects from contaminated heparin. Those facts are not before the court.

That being so, it is hereby,

ORDERED THAT defendants' motion for summary judgment (Docs. 21, 26) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge