# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

In re.:

Heparin Products Liability Litigation MDL No. 1953

*******************************

Mustapha Nya, et al., etc.,

              Plaintiff(s)                       Case No. 3:14HC60000

     v.                                        **ORDER**

Baxter Int'l, Inc., et al.,

              Defendant(s)

 

The Judicial Panel on Multidistrict Litigation has referred this case for pretrial matters as part of the litigation arising from the defendant's production and distribution of contaminated heparin, a commonly used blood-thinner.

On November 3, 2014, I granted the defendant Baxter International's (Baxter) motion for summary judgment. (Doc. 33). Pending is plaintiff's motion to alter or amend the ensuing judgment dismissing her complaint. (Doc. 38).

For the reasons that follow, I deny the motion.

### Background

Plaintiffs, Joint Special Administrators of the Estate of Katherine Nya, claim that Ms. Nya received several bolus doses of Baxter-produced contaminated heparin. They initially filed suit in the Circuit Court of Cook County, Illinois. After their retained counsel withdrew, they voluntarily

dismissed the Illinois action. Having thereafter obtained present counsel, they refiled their complaint in an Arizona state court. Baxter removed to the District of Arizona, and the JPMDL referred the case to me.

The gravamen of the motion for reconsideration is that, when counsel filed his opposition to the defendant's motion for summary judgment, he lacked a substantial portion of the file that plaintiffs' Illinois counsel had assembled. As a result, counsel was unable fully to parry Baxter's motion.

In the meantime, plaintiff's counsel has obtained the entire file. On the basis of evidence therein that he claims was not available to him, he contends that he can now show: 1) Ms. Nya received contaminated Baxter heparin; and 2) she exhibited symptoms of an allergic reaction associated with contaminated heparin within the sixty-minute window set in prior orders.

## Discussion

As I have held in the past, a motion for reconsideration is "extraordinary in nature," *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citations omitted). A court should grant such motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A motion for reconsideration is not a platform for offering evidence that a litigant had, or with reasonable diligence could have had the first time around. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted).

Plaintiffs seek to explain away their failure to have presented all available evidence on the basis that Arizona counsel did not have the complete file that Illinois counsel had assembled through his participation in the MDL process.[1]

I find the explanation for failing to have obtained and submitted the recently received materials unpersuasive. First, and perhaps primarily, plaintiffs' counsel could, and should have sought leave to delay filing the opposition to defendant's motion for summary judgment. But he did not. Deliberately or not, he chose to go with what he had – which was not enough.

What was there was there. Whatever problems plaintiff's current counsel was encountering in getting the Nolan firm to respond to his requests for the full file should have been called to my attention. The documents on which he relies, and to which he points as "new evidence," were, in fact, available and in the hands of predecessor counsel. This is not "new evidence" – it is old evidence, obtained, albeit by predecessor counsel, no doubt years ago.

Because present counsel did not seek an extension of time within which to respond to the motion for summary judgment, I find that he was not diligent in his efforts to obtain the evidence he now wants me to consider *via* a motion for reconsideration.[2]

In any event, I agree with Baxter that plaintiffs have failed to present evidence that connects the heparin Ms. Nya received – even assuming it was contaminated – with Baxter as its source.

---

[1] The principal partner, Donald Nolan, Esq., of the law firm that represented plaintiffs in Illinois, was a member of the Plaintiffs' Executive Committee in the MDL. In addition, he was a lead attorney in the companion state court litigation in Illinois.

[2] Plaintiffs argue in their reply brief that defendants have not proved that *all* the evidence presented in Plaintiffs' Motion was previously unavailable." (Doc. 42, at 5) (emphasis in original). That has things upside down: it was up to plaintiffs to show what records their lawyer got that he did not have before. It is not Baxter's job to tell me what plaintiff's counsel did not have before filing his opposition to the motion for summary judgment.

Plaintiffs themselves acknowledge that heparin from other providers of contaminated heparin may have been at the hospitals that treated Ms. Nya. (Doc. 38, at 11).

Product identification is *the* crucial first step in a case of this sort. If plaintiffs cannot show that it is more likely than not that the defendant produced the defective drug, they cannot prevail. Speculation that such might have been so is simply no substitute for *proof*.

Even after having obtained all the extant records, the proof remains wanting. I properly granted summary judgment to the defendants.

**Conclusion**

For the foregoing reasons, it is hereby

ORDERED THAT plaintiffs' motion to alter or amend judgment (Doc. 38) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge